FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

98 MAY 14 AM 9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

GREGORY HILL,                )
                             )
        Plaintiff,           )
                             )                              ENTERED
vs.                          )   CIVIL ACTION NUMBER     MAY 1 4 1998
                             )
JAMES RIVER CORPORATION,     )        97-C-3175-W
et al.,                      )
                             )
        Defendants.          )


**MEMORANDUM OF OPINION DENYING**
**JOINT MOTION TO TRANSFER**

The defendants have jointly moved under 28 U.S.C. § 1404 to transfer this Title VII race case from the Western Division (Tuscaloosa) of the Northern District of Alabama to the Southern District of Alabama (Mobile). For the reasons which follow, the motion will be denied.

Plaintiff Gregory Hill lives in York (Sumter County), Alabama, in the Western Division of the Northern District of Alabama. York is 63 miles from Tuscaloosa. It is 154 miles from Mobile. Without question, the Western Division of the Northern District of Alabama - plaintiff's choice of forum - is the most convenient forum for him.

The plaintiff is employed by the defendant Fort James ("James River") Corporation at its plant in Pennington, Alabama. Pennington is 105 miles from Tuscaloosa; it is 120 miles from

14

Mobile. The Fort James Facility at Pennington is actually *closer* to Tuscaloosa than to Mobile. It is significant that, as James River points out in its brief:

> Decisions regarding employment of personnel at the Fort James Facility are made by various supervisors all located in Pennington. In addition,...all records regarding the employment of personnel at the Pennington Facility are maintained at that facility. Additionally,...all decisions regarding the allegations of discrimination made by plaintiff occurred at the Pennington facility.

Defendants' Reply to Plaintiff's Opposition to the Joint Motion to Transfer Venue ("Defendants' Reply"), p. 3. The vast majority of the hourly workers live in Clark, Choctaw, Wilcox, Washington, and Marengo counties. Supplemental Affidavit of Tracy Marvin, p. 3. Contrary to Mr. Marvin's conclusion, the court finds that most of the James River workers are at least as close to Tuscaloosa as they are to Mobile, if not closer. Apparently, very few, if any of the workers, actually live in Mobile County.

On the other hand, the defendant United Paperworkers International Union, AFL-CIO ("UPIU") and its records are located in Mobile. It is the court's experience that few records of the international union are utilized by a plaintiff in the typical Title VII case. Though the international representative's home and office are in Mobile County, his job duties regularly require him to travel to Pennington and service the needs of UPIU Local Union

2

950 there. Surely, he can just as easily be deposed in Pennington as in Mobile. In fact, for the parties, it would be more convenient to depose him in Tuscaloosa or Pennington than in Mobile.

Defendant Local Union 950's records are located at its offices in Pennington. Jack Fendley, the former president of the defendant local union and a likely witness, lives an equal distance from Mobile and Tuscaloosa. His deposition and those of other local union officials will probably be taken in Pennington.

"Defendants have not and do not argue that the United States District Court for the Northern District of Alabama, Western Division, is not a permissible forum for this case under 42 U.S.C. 2000e-5(f)(3)." Defendants' Reply, p. 1.

Upon consideration of all of the relevant factors, *Gulf Oil v. Gilbert*, 330 U.S. 501 (1946), *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993), *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655, n. 11 (11th Cir. 1993), the court concludes that the transfer motion should be denied.

DONE this ___13th___ day of May, 1998.

                                                                                          UNITED STATES DISTRICT JUDGE
                                                                                               U. W. CLEMON